**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **CHRISTINE S. RAINES and DEWAYNE RAINES,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**NEW BERN TRANSPORT CORP. and JESSE J. HOFFMEYER,**<br><br>    **Defendants.** | **Civil Action No.**<br><br>**JURY DEMAND** |

**COMPLAINT**

**COMES NOW** the Plaintiffs, by and through counsel, and hereby bring this cause of action for injuries and damages against the Defendants as hereinafter described and respectfully represent as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs, Christine S. Raines and DeWayne Raines, reside at 78 Nituna Avenue, Rossville, Catoosa County, Georgia.

2. Defendant, Jesse J. Hoffmeyer, is an individual residing in Hamilton County, at 3786 Prospect Church Road, Ooltewah, Hamilton County, Tennessee, is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1 *et seq*, and may be served pursuant to the non-resident motorist statute (O.C.G.A. § 40-12-2).

3. Defendant, New Bern Transport Corporation (hereinafter referred to as "New Bern Transport"), is a Delaware corporation, doing business in the State of Georgia, which according to the Federal Motor Carrier Safety Administration, maintains its principal office at 700 Anderson

Hill Road, Purchase, New York, 10577. According to the Georgia Secretary of State, Defendant New Bern Transport lists its principal office address as follows: PepsiCo North America Beverages, 1111 Westchester Avenue, White Plains, New York, 10604. Defendant New Bern Transport maintains an agent for service of process in Georgia through the Federal Motor Carrier Safety Administration (FMCSA), as well as a registered agent through the Georgia Secretary of State, as follows: CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendant New Bern Transport conducts business in the State of Georgia and is subject to the jurisdiction of this Court pursuant to the long arm statutes.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1332.

## II. FACTS

5. On or about May 31, 2018, at approximately 5:48 p.m., Plaintiff, Christine S. Raines, was driving her Nissan Sentra in Fort Oglethorpe, Catoosa County, Georgia, in the Wal-Mart parking lot located at 1155 Battlefield Parkway.

6. At that time, Defendant, Jesse J. Hoffmeyer, in the course and scope of his employment with Defendant, New Bern Transport, was operating a commercial motor vehicle (tractor-trailer) owned by Defendant New Bern Transport.

7. The commercial motor vehicle operated by Defendant Hoffmeyer and owned by Defendant New Bern Transport was a 2001 International Model 4900.

8. At the above described time and place, Defendant Hoffmeyer attempted to turn left with his tractor-trailer into the aforementioned Wal-Mart parking lot.

9. At the time Defendant Hoffmeyer began turning his tractor trailer into the Wal-Mart parking lot, Plaintiff Christine Raines was stopped at the intersection, preparing to exit said parking lot.

10. As Defendant Hoffmeyer was attempting to turn his tractor-trailer left into the aforementioned Wal-Mart parking lot, Plaintiff Christine Raines put her vehicle in reverse and backed up to allow more room for the tractor-trailer as it began to encroach her lane.

11. Despite backing her vehicle away from the intersection as the tractor-trailer made the left hand turn into the parking lot, Defendant Hoffmeyer struck Plaintiff's vehicle with his trailer.

12. The impact between the trailer and Plaintiff's vehicle caused significant property damage and resulted in injury to the Plaintiff Christine Raines.

13. At all relevant times, Plaintiff Christine Raines was in her proper lane of travel and driving in a reasonably prudent manner.

### III. CAUSES OF ACTION AGAINST DEFENDANTS

14. Plaintiff, Christine Rainey was injured as a direct result of the negligent acts, omissions, and conduct on the part of Defendant Hoffmeyer, including but not limited to the following:

   a. Failing to exercise due care in violation of O.C.G.A. § 40-6-73

   b. Failing to maintain a proper lookout;

   c. Failing to see what he should have seen;

   d. Failing to use reasonable care to avoid a collision;

   e. Being negligent under the circumstances and conditions then existing;

   f. Failing to maintain his lane of travel;

   g. Failing to properly execute a left hand turn;

   h. Failing to see and be aware of what was in his view;

   i. Negligence *per se;* and,

  j.  Such other acts as may be shown by the evidence.

15. Defendant New Bern Transport is responsible for the acts, omissions, and conduct of Defendant Hoffmeyer in the operation of the commercial motor vehicle pursuant to *respondeat superior,* agency, and the provisions of O.C.G.A § 51-2-2.

16. Defendant New Bern Transport is also negligent for negligent/reckless hiring, training, and/or supervising Defendant Hoffmeyer.

17. The wreck occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant New Bern Transport:

  a.  Negligence in hiring and/or contracting with Defendant Hoffmeyer to drive the commercial motor vehicle at issue;

  b.  Negligence in failing to supervise Defendant Hoffmeyer while driving the commercial motor vehicle at issue; and,

  c.  Negligence in failing to train Defendant Hoffmeyer to properly and safely drive and operate the tractor and trailer at issue;

18. At all times relevant to this action, Defendant New Bern Transport was subject to the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCFR), either directly or as adopted by the Georgia Public Service Commission (Ga. Comp.R. & Regs. R. 515-16-4-.01), Georgia Department of Public Safety in the Georgia Department of Public Safety Transportation Rulebook, and other applicable provisions of law. Defendants were required to obey the FMCSR at the time of the collision, which is the subject of this action, and at all relevant times prior to the collision.

19. Defendant New Bern Transport will be shown at trial to have violated the FMCSR, which constitutes *negligence per se.*

## IV. DAMAGES

20. As a result of the Defendants' negligence, Plaintiff Christine Raines is entitled to damages as shown by the evidence, including but not limited to medical expenses, past and future; physical pain and mental suffering; loss of enjoyment of life; permanent injury; damage to personal property; and lost wages and earning capacity, past and future. Defendants are liable to Plaintiffs jointly and severally.

21. Plaintiff, DeWayne Raines, as the spouse of Christine Raines, is entitled to recover damages from Defendants for loss of consortium, services, love and affection, and is entitled to jointly recover all medical expenses.

## V. JURY DEMAND

22. Plaintiffs demand a trial by jury.

## VI. PRAYER FOR RELIEF

23. As a result of Defendants' negligence, negligence *per se*, and gross negligence, Plaintiffs are entitled to damages as shown by the evidence, including but not limited to medical expenses, past and future; physical pain and mental suffering; loss of enjoyment of life; permanent injury; damage to personal property; exemplary damages; loss of consortium; and lost wages and earning capacity, past and future. Defendants are liable to Plaintiff jointly and severally.

**WHEREFORE, PLAINTIFFS PRAY:**

a. That Plaintiffs have judgment against the Defendants in a reasonable sum for compensatory, general, and special damages;

b. That a jury be empaneled to try the issues when joined; and

c. That Plaintiffs have such other and further relief as may be just, equitable, and proper.

Respectfully submitted,

**THE HAMILTON FIRM**

By: /s/ Patrick A. Cruise
**PATRICK A. CRUISE, GA Bar No. 071547**
P.O. Box 158
Rossville, GA 30741
Phone: (423) 623-0871
Fax: (423) 634-0874

**HARRISS & HARTMAN LAW FIRM, P.C.**

By: /s/ Carson A. Royal
**CARSON A. ROYAL, GA Bar No. 964008**
200 McFarland Avenue
Rossville, GA 30741
Phone: (706) 406-1649
Fax: (706) 861-6838

*Attorneys for Plaintiff*